IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ORIENTAL CANTONES INC.

Debtor

WILLIAM PAGAN ROMAN

Plaintiff

vs.

ORIENTAL CANTONES INC.

Defendant

CASE NO. 16-02759 (ESL)

CHAPTER 11

ADV. PROC. NO. 18-00018 (ESL)

OPINION AND ORDER

This case is before the court upon the motion filed by Mr. William Pagán Román ("Plaintiff" of "Mr. Pagán") for summary judgment and the opposition filed by Oriental Cantonés Inc. ("Debtor" or "Defendant"). Mr. Pagán filed the captioned adversary complaint requesting revocation of the confirmed plan because confirmation was procured by fraud upon Debtor's intended failure to provide Mr. Pagán with proper notification of the bankruptcy case. Mr. Pagán also seeks attorney's fees, due to Debtor's wanton conduct in forcing him to litigate this action in bad faith and with full knowledge of the omission. Mr. Pagán's contention is that Debtor acted fraudulently, because it knew of Mr. Pagán's claims all along and did not notify him of the bankruptcy proceedings. Meanwhile, Debtor opposes summary judgment by alleging absence of fraud and presence of disputed material facts. Debtor posits that Mr. Pagán's exclusion was inadvertent, as Debtor was unaware of Mr. Pagán's claims. In its responsive pleading, Defendant does not argue against the imposition of attorney fees and cost.

-1-

After considering the documents filed by the parties, the evidence presented, the record and travel of the case and the applicable law, the Court grants Plaintiff's motion for summary judgement and award of attorney's fees and denies Defendant's cross motion for summary judgment.

JURISDICTION

This Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334(a), § 154(b)(1). Venue lies with this Court pursuant to 28 U.S.C. § 1409(a). This is a core proceeding as defined by 28 U.S.C. § 157(b)(2).

FACTUAL BACKGROUND

The Debtor, ORIENTAL CANTONÉS, INC., is a for-profit corporation created pursuant to the laws of Puerto Rico. Its principal place of business is Calle 24, 24 Bloque 49, Villa Carolina, Carolina, PR 00985. Its postal address is PO Box 1923, Carolina, PR 00984-1923.

On October 4, 2013, Plaintiff commenced a civil action against Debtor in the state court for fraud, collection of monies and damages. [**Dkt. 16**] On April 8, 2016, Defendant filed a voluntary petition under Chapter 11. [**Bankruptcy Case Num.:16-02759-ESL11, Dkt. 1**] Defendant did not list Plaintiff in his schedules as a creditor. [**Dkt. 16**] Defendant's plan was confirmed on February 14, 2017. [**Bankruptcy Case Num.:16-02759-ESL11, Dkt. 62**] Defendant did not send notice of the bankruptcy proceeding to Plaintiff until after the confirmation of the plan. [**Dkt. 16**]

Upon becoming aware of the bankruptcy, on February 27, 2018, Plaintiff filed the captioned adversary complaint, seeking to revoke Defendant's confirmed Chapter 11 plan. **[Dkt. 1]** On June 14, 2019, Plaintiff filed a Motion of Summary Judgment. [**Dkt. 33**] On July 25, 2019, Defendant was ordered to show cause why this motion should not be granted. [**Dkt. 38**] On August 5, 2019, Defendant responded. **[Dkt. 40]** On August 6, 2019, Plaintiff was ordered to

respond to Defendant's filing. **[Dkt. 41]** Plaintiff filed his response on September 11, 2019. **[Dkt. 46]** In summary, Plaintiff claims that Defendant knew of the Plaintiff's existence as a creditor and yet failed to disclose Plaintiff's creditor status prior to confirmation and provide notice of neither the bankruptcy proceeding nor the Disclosure Statement and Plan of Reorganization. Thus, Plaintiff argues that revocation of the plan is warranted pursuant to 11 U.S.C. § 1144. Plaintiff also avers that this Court should grant attorney's fees in his favor.

UNCONTESTED FACTS

From the Parties' pleadings and the record of the case, the Court agrees to the following facts as uncontested:

1. On October 4, 2013, creditor William Pagán, commenced a civil action in the San Juan Superior Court against Mr. Jung Rang Lung and his related corporation, Oriental Cantonés, Inc. As a result of the lawsuit, certain funds were deposited by the Municipality of Carolina at the Superior Court of San Juan; consigned on behalf of Mr. Pagán.

2. On April 8, 2016, Debtor filed a voluntary petition under the provisions of Chapter 11 of the Bankruptcy Code.

3. Debtor did not include the Plaintiff as a creditor in its voluntary petition.

4. On April 12, 2016, this Honorable Court, scheduled the 341(a) meeting of creditors to be held on May 13, 2016. The court set the bar date for the filing of the Proof of Claims for August 11, 2016. The Certificate of Service for this Order demonstrates, that Mr. Pagán was not included in the Notice and Order.

5. On October 17, 2016, Debtor filed a Disclosure Statement and Plan of Reorganization.

6. On February 14, 2017, this Honorable Court held the confirmation hearing and entered orders approving the Disclosure Statement and Confirming the Plan. [Dkt. No. 60]

-3-

7. The record reflects that neither the Plan nor the Disclosure Statement were notified to Mr. Pagán. Because Debtor did not include Plaintiff in the case record, none of the court's notifications and orders, including the notice of the case filing, the bar date for claimants to file their claims, nor the notice of the confirmation hearing were sent to the Plaintiff.

8. On August 31, 2017, Debtor filed the Amended Schedule F adding Mr. Pagán, to include the claim of $339,434.76. Debtor sent notification to the address: Calle 530, Bloque 198 #12, Villa Carolina, Carolina, PR 00985-3110. This notification never reached Mr. Pagán because Debtor provided the incorrect address.

9. On February 27, 2018, Plaintiff filed the instant complaint against defendant, seeking various remedies including the achievement of confirmation under fraudulent pretenses, Revocation of Order of Confirmation and imposition of Attorney Fees and Costs pursuant, to 11 U.S.C. § 1144, and P.R.Laws Ann. tit. 32, App. III, Rule 44.1(d). [Dkt. 1].

10. Plaintiff moved for Summary Judgment on June 14, 2019 (Dkt. No. 33) and after several procedural events, the matter was submitted by September 11, 2019. [Dkt. No. 46]

<u>APPLICABLE LAW AND ANALYSIS</u>

*(A) Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure is applicable to bankruptcy proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy. <u>In re Betteroads Asphalt, LLC</u>, 594 B.R. 516, 540 (Bankr. D.P.R. 2018). "Summary judgment should be entered 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Id.</u> To defeat summary judgment, "the non-moving party must show genuine issues of material facts." <u>Collazo v. Pena (In re Pena)</u>, 458 B.R. 30, 39 (Bankr. D.P.R. 2011).

-4-

"Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial." Roman-Perez v. Operating Partners Co. LLC (In re Roman-Perez), 527 B.R. 844, 855 (Bankr. D.P.R. 2015)(citation omitted). "The moving party must 'show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id.

*(B) Revocation Order*

"[T]he court may revoke a [confirmation] order if and only if such order was procured by fraud." 11 U.S.C. § 1144. The order revoking the confirmation order shall "(1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and (2) revoke the discharge of the debtor." Id.

A debtor that omits material facts from his schedules, such as assets and creditors, violates his duty to disclose. If subsequently, that debtor obtains an order confirming a plan, this order is considered procured by fraud. See In re Pick & Save, Inc., 478 B.R. 110, 120 (Bankr. D.P.R. 2012)("Hence, failure to amend schedules to include pre-petition rights, be it assets or liabilities, can ultimately result in denial or revocation . . . ."); Kelly v. Giguere, 165 B.R. 531, 534 (Bankr. D.R.I. 1994)("When considering a request for revocation of the order of confirmation, fraudulent intent is shown when a person who (1) is obligated to disclose, (2) knows of the existence of material information, and (3) does not disclose it.").

In the present case, the uncontested facts show that Defendant did not list Plaintiff as a creditor in his schedules, despite his pre-petition claims in state court. Furthermore, it was not until after Defendant achieved confirmation that Defendant amended the schedules to cause notices of the bankruptcy proceedings to the Plaintiff. A plain reading of the record of the case shows that Defendant knew of Plaintiff's claims pending in the state court and despite his

obligation to disclose the bankruptcy, Defendant opted to omit disclosure to the Plaintiff. These facts are well-established in the record of the case and by Plaintiff, and Defendant has failed to make a showing of a genuine dispute of material facts to preclude summary judgment at this stage. See Collazo, 458 B.R. at 39. Therefore, based on the uncontested facts, the Court finds that Defendant procured confirmation of his plan through fraud and revocation is proper. See 11 U.S.C. § 1144.

*(C) Attorney's Fees*

Plaintiff prays that he should be granted attorney's fees and costs due to Defendant's conduct throughout the adversary.

> Courts consider several factors when determining to impose a sanction under Fed. R. Bankr. P. 9011(c), which include the following: "*whether the conduct was willful, or negligent*; *whether it was part of a pattern of activity*, or an isolated event; *whether it infected the entire pleading*, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants." In re Alonso, 546 B.R. 1, 11-12 (Bankr. D.P.R. 2016)(citation omitted)(emphasis added).

Furthermore, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." In re MJS Las Croabas Props., 530 B.R. 25, 42 (Bankr. D.P.R. 2015)(citation omitted). "The injured party can recover attorney's fees incurred attributable to investigating, researching and fighting the party's petition as well as fees incurred to research, prepare and prosecute its sanctions motion." Id. at 43(citation omitted). "In addition to attorney's fees, [the court] awards the injured party 'excess costs and expenses' incurred." Id.

This Court considers that Defendant was both willful and negligent, part of a pattern of activity and infected the entire pleading of the captioned adversary, as well as the bankruptcy

case. See In re Alonso, 546 B.R. at 11-12. Defendant litigated this adversary knowing and admitting that Plaintiff was not properly notified of the bankruptcy proceedings until after the confirmation plan which, as we have resolved, was procured by fraud, because it left the Plaintiff without an opportunity to be heard, in clear violation of the basic bankruptcy principle of disclosure. Based on the foregoing, Plaintiff is entitled to attorney's fees and costs in prosecution of its claim pursuant to applicable case law and Fed. R. Bktcy P. 7054.

Conclusion

For the reasons stated above, the Court grants Plaintiff's motion for summary judgment filed in Docket No. 33. This revocation order will not affect rights acquired post confirmation by entities relying on the plan being proposed in good faith. In addition, Plaintiff's request for attorney's fees and costs is hereby granted.

SO ORDERED.

In San Juan, Puerto Rico, this 8th day of November, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge

-7-